# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VALERIE BRENSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-1239-NCC |
| | ) | |
| MERS GOODWILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race and sex, and for retaliation. Based on plaintiff's financial affidavit, the motion is granted. For the following reasons, the Court will order process to issue on defendant MERS Goodwill on plaintiff's claims of sex discrimination and retaliation under Title VII. The Court will dismiss without prejudice, however, plaintiff's claims of racial discrimination.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## Complaint[1]

Plaintiff alleges employment discrimination based on her race and sex, and retaliation. According to her complaint, plaintiff worked for defendant MERS Goodwill as a janitor assigned to the Gateway Transportation Center from April 2017 to her termination in August 2017.[2] She alleges she was sexually harassed by a male colleague. She states retaliated against and fired after she told her supervisor that she planned to contact a lawyer. For relief, plaintiff seeks twelve months of unpaid wages.

## Discussion

To establish a prima facie case of discrimination under Title VII, plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for her position; and (3) suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005) (citing *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)).

---

[1] Under Federal Rule of Civil Procedure 10(c), the Court will consider plaintiff's exhibits to her complaint as part of the complaint for all purposes. *See* Fed. R. Civ. P. 10(c).

[2] On July 25, 2018, plaintiff filed two cases in this Court with identical allegations: this case against defendant MERS Goodwill, and *Brenston v. Gateway Transportation Center*, Case No. 4:18-CV-1229-RWS against defendant Gateway Transportation Center. Plaintiff attaches to each complaint an EEOC charge of discrimination and an EEOC right-to-sue letter against each named defendant. Based on plaintiff's allegations, the Court cannot determine which entity was plaintiff's "employer" under 42 U.S.C. §§ 2000e, *et seq.*, and will issue process on both.

Having carefully reviewed and liberally construed plaintiff's complaint, the Court finds plaintiff has stated plausible claims against defendant MERS Goodwill under Title VII for discrimination on the basis of sex and for retaliation, and will order the Clerk to issue process on the complaint.

The Court will dismiss without prejudice plaintiff's allegations of racial discrimination for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2). Plaintiff checked the box on the Court's form complaint for employment discrimination indicating that she believed she was discriminated against because of her race. Plaintiff does not state in any of her filings, however, that she is a member of a protected racial class. Nor has she checked the box on her EEOC Charge of Discrimination that she was discriminated against based on race. Her only mention of race in the complaint is in an attached "Answers to Questionnaire" dated June 30, 2018, which appears to have been drafted for purposes of retaining counsel. In this questionnaire, plaintiff states: "Sandy discriminated with me in my opinion because of my race." ECF No. 1-1 at 10. This allegation is wholly conclusory, and fails to allege any facts, which if proved, would afford a basis for granting relief. Because plaintiff has not alleged that she is the member of any protected racial class and has stated only conclusory allegations regarding racial discrimination, the Court will dismiss without prejudice her claims of racial discrimination.

Additionally, the Court notes that plaintiff filed a "Memorandum For Clerk," asking the Court to consider her complaint even though it was filed ninety-one days after her EEOC right-to-sue letter was mailed. A plaintiff in a Title VII action has ninety days from *receipt* of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f). A presumption exists that the notice was received three days after its mailing. *See Rich v. Bob Downes Chrysler Plymouth, Inc.*, 831 F. Supp. 733, 735 (E.D. Mo. 1993) (citing *Ballwin Cty. Welcome Ctr v. Brown*, 466

U.S. 147 (1984)). Plaintiff timely filed her complaint within ninety-three days of the date the right-to-sue letter was mailed, and thus her complaint is timely.

Finally, plaintiff has filed a motion for appointment of counsel, which the Court will deny at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in her complaint. However, she has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on the complaint on defendant MERS Goodwill.

**IT IS FURTHER ORDERED** that plaintiff's claim of race discrimination in violation of Title VII is **DISMISSED without prejudice**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 1st day of October, 2018.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE